**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ASLEY ACOSTA,<br><br>　　　　　Defendant. | No. 2:20-cr-00512-JAK<br><br>**ORDER RE MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C § 3582(c)(2) AND AMENDMENT 821 (DKT. 101)** |

1

On March 25, 2024, Asley Acosta ("Defendant" or "Acosta") filed a Motion for Reduction or Modification of Sentence pursuant to 18 U.S.C § 3582(c)(2) and Amendment 821 (the "Motion"). Dkt. 101. On May 10, 2024, the Government filed an opposition to the Motion (the "Opposition"). Dkt. 105. The Motion was then taken under submission on May 17, 2024. Dkt. 10. For the reasons stated in this Order, Defendant is ineligible for relief pursuant to Amendment 821 to the Sentencing Guidelines. Accordingly, the Motion is **DENIED**.

In general, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, § 3582(c)(2) establishes an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Under § 3582(c)(2), there is a two-step approach to determine whether a modification is appropriate. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). As a first step, a court must determine whether the amendment results in a reduced sentencing range for the defendant and whether a reduction is consistent with the applicable policy statements. *Id.* If the answers to both of these issues is in the affirmative, at the second step, the court must then consider the Section 3553(a) factors to determine if it will exercise its discretion to reduce the defendant's sentence in accordance with the new range. *Id.*

Through the Motion, Defendant seeks relief pursuant to Amendment 821 to the Sentencing Guidelines. *See* Am. 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821. It took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534-02 (Sept. 1, 2023). There are two parts of Amendment 821 for which relief may be sought. Amendment 821 Part A amends U.S.S.G. § 4A1.1 to limit the overall criminal history impact of "status points," *i.e.,* additional criminal history points given to defendants who committed the instant offense while being subject to some oversight in the criminal

justice system. *Id.* Amendment 821 Part B creates a new guideline under U.S.S.G. § 4C1.1 to provide a decrease of two levels from the offense level for defendants with zero criminal history points, absent specific aggravating factors that apply to the instant offense. *Id*.

Defendant is not eligible for a sentence modification under either Amendment 821 Part A or Part B. As to Part A, two status points were added in calculating Defendant's criminal history pursuant to Section 4A1.1(d) because he committed the instant offense "while under a criminal justice sentence," *i.e.*, while a warrant for his arrest was outstanding. Dkt. 66, Presentence Report ("PSR") ¶ 44. Under Amendment 821 Part A, status points have been eliminated where a defendant has less than seven criminal history points. *See* Am. 821. If Amendment 821 Part A had been in effect at the time of Defendant's sentencing, Defendant would have received a criminal history score of 1, rather than 3. Dkt 105 at 5. Accordingly, his Criminal History Category would be reduced from Category II to Category I. *Id.* This would have resulted in a guidelines range of 235 to 293 months. *Id.*; *see also* USSG § 5A (Sentencing Table).

Notwithstanding the foregoing, under the applicable policy statements, a sentence reduction is not warranted. *See Dillon*, 560 U.S. at 827; § 1B1.10(b)(2). A court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than a minimum of the amended guideline range" (U.S.S.G. § 1B1.10(b)(2)(A)), unless the defendant received a below-range sentence pursuant to a substantial assistance motion from the government. *Id.* § 1B1.10(b)(2)(B). Because Defendant's current sentence of 192 months is below the amended guideline range of 235 to 293 months, and the sentence reduction was not made pursuant to a substantial assistance motion by the government (Dkt. 105 at 6), no reduction of Acosta's present sentence is permitted.

As to Part B, which applies to offenders with zero criminal history points, it does not apply to Defendant. *See* U.S.S.G. § 4C.1.1(1). According to Defendant's PSR, which the Court accepted as true and correct, he had three criminal history points at the time of

3

sentencing based on earlier criminal conduct. PSR ¶ 45. Accordingly, even if Amendment 821 Part A had been in effect at the time of sentencing, Defendant would have still received 1 criminal history point, and would not have received the reduction under Part B.

Because Defendant is ineligible for a sentence modification, it is unnecessary to proceed with an analysis of the § 3553(a) sentencing factors as provided in § 3582(c)(2). *See Dillon*, 560 U.S. at 826–27.

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 26, 2024

John A. Kronstadt
United States District Judge